1  WILLIAM R. TAMAYO, SBN 084965
   DAVID F. OFFEN-BROWN, SBN 063321
2  DANA C. JOHNSON, SBN 187341
   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105-1260
   Telephone: (415) 625-5697
5  Facsimile: (415) 625-5657
   E-mail: dana.johnson@eeoc.gov
6
7  Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. CV 10 4384 RS |
|---|---|
| Plaintiff, | COMPLAINT |
| v. | Civil Rights - Employment Discrimination |
| CVS CAREMARK CORP.; and LONGS DRUG STORES CALIFORNIA LLC. | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT AND JURY DEMAND

1 NATURE OF THE ACTION

2 This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct the unlawful employment practices of disparate treatment in terms and conditions of employment, discipline, discharge because of race and gender and retaliation and to provide appropriate relief to Charging Party Marcia Guaman ("Charging Party") whom Defendant Longs Drug Stores California LLC ("Defendant Longs Drug Stores") discriminated against and retaliated against in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Northern District of California.

INTRA-DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the Oakland Division because the unlawful employment practices alleged were committed within Contra Costa County.

PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5. Defendant Longs Drug Stores is a California company, doing business in the State of California, in the County of Contra Costa, and has continuously had at least 15 employees until at least August 2008.

6. Until at least August 2008, Defendant Longs Drug Stores has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

1

COMPLAINT AND JURY DEMAND

7. Defendant CVS Caremark Corp. is a California company, doing business in the State of California, in the County of Contra Costa, and has continuously had at least 15 employees.

8. Defendant CVS Caremark Corp. has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

9. Defendant CVS Caremark Corp. acquired Defendant Longs Drug Stores in about 2008 and is the successor of Defendant Longs Drug Stores.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission, alleging violation of Title VII by Defendant Longs Drug Stores. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Between about January 2007 and about May 29, 2008, Defendant Longs Drug Stores engaged in the unlawful practice of discriminating against Charging Party in terms and conditions of employment at its General Office in Antioch, California by, among other things, giving her more difficult product lines than employees in Charging Party's position not of Charging Party's race and/or gender, failing to provide the same or similar levels of assistance to Charging Party that it provided to persons not of Charging Party's race and/or gender, denying or failing to authorize Charging Party's requests for vacation days and summoning her back to work from her vacation because of her race and/or gender, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

12. Between about January 2007 and about May 29, 2008, Defendant Longs Drug Stores engaged in the unlawful practice of subjecting Charging Party to a hostile environment because of her race and/or gender, including managerial employees regularly treating her as if she were incompetent, publicly reprimanding her and otherwise demeaning her, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

13. Between about January 2007 and about May 29, 2008, Defendant Longs Drug Stores engaged in the unlawful practice of discriminating against Charging Party at its General Office in Antioch, California, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by disciplining

COMPLAINT AND JURY DEMAND

1 and ultimately discharging Charging Party because of her race and/or gender.

14. On about February 26, 2008 Charging Party complained to Defendant Longs Drug Stores' human resources department about gender discrimination and racial issues, including that only African-Americans were being discharged. On about May 29, 2008, Defendant Longs Drug Stores engaged in the unlawful practice of retaliation at its General Office in Antioch, California, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Charging Party for having complained Defendant's human resources personnel about gender and race discrimination.

15. The effect of the practices complained of in Paragraphs 11 through 13, above, has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and/or gender.

16. The effect of the practice complained of in Paragraph 14, above, has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because she opposed conduct prohibited under Title VII.

17. The unlawful employment practices complained of in Paragraphs 11 through 14, above, were intentional.

18. The unlawful employment practices complained of in Paragraphs 11 through 14, above, were done with malice or reckless indifference to the Charging Party's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, employees and all persons acting in concert or participation with Defendants, or any of them, from discriminating against its/their employees because of race and/or gender.

B. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, employees and all persons acting in concert or participation with Defendants, or any of them, from engaging in retaliation against its/their employees.

C. Order Defendants to institute and carry out policies, practices, and programs which prohibit discrimination and retaliation and which eradicate the effects of their, or any of their, unlawful employment practices.

3

COMPLAINT AND JURY DEMAND

1  D.  Order Defendants to make whole Charging Party by providing appropriate back pay and
2  benefits with prejudgment interest in amounts to be determined at trial, and other affirmative relief
3  necessary to eradicate the effects of Defendant Longs Drug Stores' unlawful employment practice,
4  including but not limited to reinstatement and/or front pay.

5  D.  Order Defendants to make whole Charging Party by providing compensation for past
6  and future pecuniary losses resulting from the unlawful employment practice complained of above,
7  including but not limited to such out-of-pocket expenses necessitated by Defendant Longs Drug Stores'
8  unlawful conduct, in amounts to be determined at trial.

9  E.  Order Defendants to make whole Charging Party by providing compensation for past
10 and future non-pecuniary losses resulting from the unlawful practices complained of above including,
11 but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and
12 humiliation, in amounts to be determined at trial.

13 F.  Order Defendants to pay Charging Party punitive damages for Defendant Longs Drug
14 Stores' malicious or reckless conduct described above, in an amount to be determined at trial.

15 G.  Grant such further relief as the Court may deem just and proper in the public interest.

16 H.  Award the Commission its costs in this action.

### DEMAND FOR JURY TRIAL

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Date: 9/29/2010

WILLIAM R. TAMAYO
Regional Attorney

1
2
3   Date: 9/29/2010
4
5
6   Date: 9/29/2010
7
8
9
10
...
28

_____
DAVID F. OFFEN-BROWN BY
Supervisory Trial Attorney DANA C JOHNSON

_____
DANA C. JOHNSON
Senior Trial Attorney

Attorneys for Plaintiff
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

COMPLAINT AND JURY DEMAND

5