*E-Filed 5/27/11*

1  WILLIAM R. TAMAYO (CA Bar No. 084965)
   DAVID F. OFFEN-BROWN (CA Bar No. 063321)
2  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
3  350 The Embarcadero, Suite 500
   San Francisco, CA 94105-1260
4  Telephone No. (415) 625-5652
   Facsimile No. (415) 625-5657
5
   Attorneys for Plaintiff
6  Equal Employment Opportunity Commission

7  GARY R. SINISCALCO (STATE BAR NO. 64770)
   grsiniscalco@orrick.com
8  MICHAEL D. WEIL (STATE BAR NO. 209056)
   mweil@orrick.com
9  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
10 405 Howard Street
   San Francisco, CA  94105-2669
11 Telephone:     1-415-773-5700
   Facsimile:     1-415-773-5759
12
   TIMOTHY J. LONG (State Bar No. 137591)
13 tjlong@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
14 400 Capitol Mall
   Sacramento, CA  95814-4497
15 Telephone:     (916) 447-9200
   Facsimile:     (916) 329-4900
16
   Attorneys for Defendants CVS Caremark Corp. and
17 Longs Drug Stores LLC

18

19              UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21                     OAKLAND DIVISION

22 EQUAL EMPLOYMENT                    Civil Action No. 3:10-CV-04384-RS
   OPPORTUNITY COMMISSION,

23        Plaintiff,

24     vs.                             JOINT CONSENT DECREE

25 CVS CAREMARK CORP. and LONGS
   DRUG STORES CALIFORNIA LLC.,
26
          Defendants.
27

28

Case No.  3:10-CV-04384-RS

OHS WEST:261118117.2

## INTRODUCTION

1. Plaintiff Equal Employment Opportunity Commission (Commission or EEOC) filed this action under Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex, race, and retaliation, and to provide appropriate relief to Charging Party Marcia Guaman (Charging Party).

2. The Commission alleged that defendant Longs Drug Stores California LLC (formerly Longs Drug Stores California Inc.) subjected Charging Party to disparate treatment in terms and conditions of employment, discipline, and discharge based on her race, Black, and gender, female, and retaliation. Charging Party was employed in Longs' general offices in Antioch, California. The Commission alleges that the disparate treatment took place in Longs' general office in Antioch, California and was committed by Charging Party's then-supervisor.

3. Defendant CVS Caremark Corp. (CVS) acquired Defendant Longs after the alleged discrimination took place. CVS consents to this Court's jurisdiction during the term of this Consent Decree as Defendant Long's successor in interest.

4. The Commission, Defendant Longs, and CVS, (hereinafter referenced collectively as Parties) want to finally resolve all claims that were made or could have been made by the Commission on behalf of Marcia Guaman based upon her charge of discrimination, EEOC Charge No. 555-2008-00607C, by entry of this consent decree (Decree). This Decree is not an adjudication of or a finding on the merits of this lawsuit and shall not be construed as an admission of any violation of Title VII by CVS or Longs.

5. The Court has reviewed this Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

Case No.  3:10-CV-04384-RS

-2-

1  6. This Court has jurisdiction over the subject matter and the Parties to this lawsuit. This court will retain jurisdiction over this Decree for all purposes until the expiration of Defendants' obligations as set forth herein.

7. This Decree is the full and final resolution of all claims that were made or could have been made by the Commission on behalf of Marcia Guaman based upon her charge of discrimination, EEOC Charge No. 555-2008-00607C, and the Commission's complaint in this action. This Decree does not, however, resolve any future charges or other charges that may be pending with the EEOC. This Decree is final and binding upon the Parties to this Decree and their successors and assigns.

8. This Decree shall become effective upon its entry by the Court.

9. The Parties to this Decree shall each be responsible for its own costs and attorneys' fees.

**GENERAL INJUNCTIVE RELIEF**

10. Discrimination: Officers and managers who were employed in Longs' Antioch general offices or in Longs' human resources department in California and who are currently employed by CVS are enjoined from discriminating against persons on the basis of race, sex or retaliation in the terms and conditions of employment, including discipline and discharge.

11. Retaliation: CVS is enjoined from retaliating against any current or former employee of Defendant Longs or CVS because he or she has in the past, or during the term of this Decree (a) testified or participated in any manner in any investigation into claims of discrimination or retaliation (including, without limitation, any internal investigation undertaken by Defendant Longs or CVS) in connection with this lawsuit, proceeding in connection with this lawsuit or hearing in connection with this lawsuit; (b) opposed the alleged treatment of Charging Party; (c) was identified as a possible witness in this lawsuit; (d) asserted any rights under this Decree; or (e) sought and/or received any monetary or non-monetary relief in accordance with this Decree.

**MONETARY RELIEF**

Case No.  3:10-CV-04384-RS
-3-

OHS WEST:261118117.2

1       12.     The EEOC has asserted that Ms. Guaman has suffered damages, including
2  emotional distress in connection with the alleged unlawful conduct.  Within fifteen (15) business
3  days after entry of this Decree, Defendant CVS agrees to pay the total sum of $55,000.00 (Fifty-
4  Five Thousand Dollars and No Cents) (the Settlement Amount) to Marcia Guaman.  The
5  Settlement Amount will be sent via overnight mail and will be paid in two checks.  The first
6  check will be in the amount of $27,500.00 (Twenty-Seven Thousand Five Hundred Dollars and
7  No Cents) subject to usual and customary payroll deductions and withholdings.  The second
8  check will be in the amount of $27,500.00 (Twenty-Seven Thousand Five Hundred Dollars and
9  No Cents), and will not be subject to any withholdings.  CVS will issue a W-2 for the first check
10 and a Form 1099 for the second check. CVS takes no position whatsoever as to the nature and
11 characterization of the settlement payments or Ms. Guaman's alleged damages.
12      13.     The EEOC shall have Ms. Guaman provide a completed Form W-4 to CVS and
13 provide CVS's attorneys with the address at which to send Charging Party the checks.  At the
14 time that CVS sends the checks to Marcia Guaman, it shall provide a copy of the checks to David
15 Offen-Brown, Supervisory Trial Attorney, EEOC, 350 The Embarcadero, Suite 500, San
16 Francisco, CA 94105-1260.

## IV.  SPECIFIC INJUNCTIVE RELIEF

### EEO and Harassment Policies

19      14.     CVS agrees to amend its EEO policy to clarify and confirm that CVS prohibits
20 discrimination based on all protected categories, including race, color, national origin, religion,
21 sex, age, and disability, and refer employees to its complaint procedure for complaints about
22 alleged discrimination based on those categories.  CVS will also amend its complaint and
23 investigation procedures for Workplace Violence, Workplace Harassment and Sexual Harassment
24 to clarify that such procedures also apply to reporting and investigating unlawful discrimination.
25 CVS further agrees to amend its EEO policies to clarify and confirm, to the extent not already
26 stated, that its policies (i) prohibit race and sex discrimination; (ii) provide for appropriate
27 discipline and/or corrective action for incidents of discrimination; (iii) provide employees with
28 convenient, confidential, and reliable mechanisms for reporting incidents of discrimination; (iv)

1  provide that complaints of discrimination will be accepted irrespective of whether they are made
2  verbally or in writing and provide information about person(s) with whom employees can lodge a
3  complaint, including ways to contact them; (v) provide that CVS shall undertake reasonable
4  efforts to maintain anonymity of complainants and confidentiality of complaints in a manner
5  consistent with applicable law; (vi) provide that CVS will promptly commence an investigation
6  after a complaint is made or received and for appropriate remedial action, if warranted, to be
7  taken upon conclusion of an investigation; and (vii) indicate that, upon the conclusion of the
8  investigation of a complaint, CVS will communicate to the complaining party the determination
9  of the investigation.

10  15.   The EEOC and CVS agree that, within 90 days of the effective date of this Decree,
11  the policy revisions requested by the EEOC, referenced in paragraph 14 above, shall be made to
12  CVS's electronic policies that are maintained on CVS's intranet and in its electronic copy of the
13  employee handbook.  CVS agrees that, all copies of the employee handbook that are printed after
14  the changes are made shall include the revised policies, referenced in paragraph 14.  Within 90
15  days of the effective date of this Decree, CVS agrees to provide notice of the revised policies to
16  its employees by posting notices of the change in employee break rooms at CVS locations.  To the
17  extent old versions of the employee handbook are distributed to new-hire employees in California
18  90 days or more after the effective date of this Decree, CVS agrees to include at the same time a
19  one page notice in its new hire orientation materials, which it is CVS policy and practice to give
20  to all new hires and which include the employee handbook, advising the new hire California
21  employees of the policy revisions.

22  **Training of Employees**

23  16.   CVS shall provide and require all Human Resource Business Partners, Human
24  Resources Employee Relations Managers, Human Resources Directors employed in California as
25  of the date this Decree is entered and all Buyer supervisors, Human Resource Business Partners,
26  Human Resources Employee Relations Managers, and Human Resources Directors who were
27  employed by Longs prior to CVS's acquisition and are currently employed by CVS, if any, to
28  receive anti-discrimination training, exclusive of training given during orientation, at least once

Case No.  3:10-CV-04384-RS
-5-

OHS WEST:261118117.2

every other year (consistent with California law requiring that management employees to receive training once every other year (*see* California Government Code § 12950.1) for a cumulative total of no less than three hours, while the Decree remains in effect.  The purpose of said training shall be to give participants an understanding or refresher about race and sex and retaliation discrimination, the employer's obligation to take preventive, investigative, and remedial action with respect to discrimination complaints, and to review company policies (including discipline policies) and practices related to race and sex and retaliation discrimination with CVS employees.

**Training Logistics**

17.  CVS agrees to provide the qualifications of the trainer(s), the job titles of the employees trained, and a summary description of each training program and the date, time and location of the training to counsel for the Commission no later than twenty (20) days after each of the training programs are held.  All persons attending mandatory training pursuant to this Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the Company.  CVS shall retain the originals of these acknowledgments and provide the EEOC with a copy thereof within 20 days after the training occurs.

**Disclosure of Information Regarding Marcia Guaman**

18.  CVS shall not disclose any information or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about Ms. Guaman.  CVS shall only provide the following information about Ms. Guaman:

    i.    In response to a specific inquiry, CVS may disclose dates of employment, position held and final rate of pay.  CVS shall explain that it is its policy to provide only the identified information in response to reference requests;

    ii.    CVS may report any information as required to state or federal authorities; and

    iii.    CVS may disclose information as required by Court order or subpoena.

**EXPIRATION OF CONSENT DECREE**

19.  This Decree shall terminate two (2) years from the date of its entry by the Court, unless the Commission petitions this Court for extension of this Decree because of

1  noncompliance by CVS. If the Commission determines that CVS has not complied with this
2  Decree, the Commission will provide written notification of alleged breach to CVS and will not
3  petition the Court for enforcement sooner than thirty (30) days after providing written
4  notification. The thirty-day period following written notice shall be used by the Parties to the
5  Decree for good faith efforts to resolve the issue. If the Commission petitions the Court and the
6  Court finds CVS to be in violation of the terms of this Decree, the Court may extend this Decree.

On behalf of Plaintiff Commission            On behalf of Defendants

Date: May 24, 2011                           Date: May 24, 2011

U. S. EQUAL EMPLOYMENT                       Attorneys for Defendant
OPPORTUNITY COMMISSION


____/s/_____                      ____/s/_____
  WILLIAM R. TAMAYO                            Michael Weil_____
                                               Orrick, Herrington & Sutcliffe LLP


___/s/_____
  DAVID F. OFFEN-BROWN

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ORDER

It is so ordered.

Dated:  5/27/11

_____
  RICHARD SEEBORG
  United States District Judge

Case No.  3:10-CV-04384-RS
-7-

OHS WEST:261118117.2